### STATE v. WASHINGTON.

1. AN EXCEPTION alleging the unconstitutionality of an act must state what article and section or what principle of the Constitution it conflicts with.
2. WITNESS — CONTRADICTION — CROSS-EXAMINATION — PRACTICE. — A question on cross-examination to a witness, tending to lay the ground for contradiction by contrary statement, should not be ruled out, because it would tend to criminate the witness.

Before BUCHANAN, J., Charleston, March, 1898. Reversed.

Indictment against Cyrus Washington, jr., for buying seed cotton without license. From judgment of magistrate, defendant appealed to Circuit Court, and from judgment affirming magistrate he appeals to this Court.

*Messrs. Edwards & Sasportas,* for appellant, cite: *Act under which defendant is indicted is unconstitutional:* 18 Repr., 667; 75 Mo., 340; 51 S. C., 51. *Error on part of magistrate in not requiring witness to answer question for*

*purpose of contradiction:* 2 Bail., 128; 16 S. C., 123; 23 S. C., 105.

*Mr. Solicitor W. St. Julien Jervey,* contra, cites: *All these exceptions are indefinite and should not be considered:* 42 S. C., 125; 44 S. C., 548; 53 S. C., 24. *Incompetent testimony received without objection becomes competent:* 3 S. C., 438; 13 S. C., 453; 53 S. C., 67, 77; 3 S. C., 512.

June 22, 1899. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appellant was found guilty and sentenced by a magistrate for the county of Charleston under a warrant charging buying seed cotton without a license in said county. He appealed to the Court of General Sessions on the following grounds: "(1) Because the act under which this case was brought is unconstitutional, null and void. (2) Because the magistrate erred in not requiring Robert Heyward, a witness for the State, to answer a question put to said witness by defendant's counsel for the purpose of laying the foundation to contradict said witness upon a very material point in the testimony." The Court of General Sessions affirmed the judgment of the magistrate, and now the appellant presents the following grounds of appeal to this Court: "1. Because the act under which this case was prosecuted is unconstitutional, null and void, and his Honor erred in not so holding. 2. Because it was error on the part of the magistrate in not requiring a witness for the State to answer a question put to said witness for the purpose of contradicting him, and his Honor erred in not so holding. 3. Because the magistrate erred in excluding competent testimony at the trial, and his Honor erred in not reversing the ruling and judgment of said magistrate, and ordering a new trial."

The first exception is too general for consideration. We cannot ascertain from the exceptions in connection with the Brief what specific point is intended to be raised—

whether the act in question is in conflict with the Constitution of the United States or the Constitution of the State, nor what section, article or principle of the Constitution is violated. Under these circumstances, we cannot be expected to consider the whole range of constitutional law, to ascertain whether the act is constitutional.

By the aid of the Brief we are enabled to ascertain the specific error assigned in the second exception. It appears that Robert Heyward was a material witness for the State, and testified that he had sold five pounds of 'seed cotton for fifteen cents to the defendant at the time alleged. On the cross-examination with a view to contradict, the defendant's counsel asked the witness the following question: On Monday last, on the way from Magistrate Whaley's office, while near Frank Brown's house, in the road, did you say to Sawney Brown that you did not intend to go to Cyrus Washington's house on that night, but you were after another party, but changed your mind and made up this trick, and that you did not have any cotton, and that you only had the empty bag and fifteen cents you had gotten before you went in the store? By magistrate: This question is inadmissible, as it would tend to criminate the witness. The ruling out of this question by the magistrate was clearly erroneous, and the Circuit Court should have so held, and remanded the case for a new trial. The third exception need not be further noticed in view of the foregoing.

The judgment of the Circuit Court and of the magistrate is reversed, and the case is remanded to the magistrate for a new trial.